**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| RAEVON TERRELL PARKER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RYAN J. COLLINS, )<br>)<br>Defendant. ) | No. 4:25-CV-00057-NCC |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Raevon Parker's Motion to Proceed in District Court without Prepaying Fees and Costs. (ECF No. 2). Having reviewed the motion, the Court will grant the request and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Nevertheless, the Court will require Plaintiff to file an amended complaint on the enclosed form and to show cause why the Court should not dismiss this action for lack of subject matter jurisdiction.

### Initial Partial Filing Fee

Congress has mandated that federal courts collect a filing fee from a party instituting any civil action, suit, or proceeding. 28 U.S.C. § 1914. Courts may waive this fee for individuals who demonstrate an inability to pay. 28 U.S.C. § 1915(a)(1). When a court grants such a waiver, the plaintiff may proceed in forma pauperis (IFP).

To obtain IFP status, a non-prisoner litigant must file a motion and an affidavit demonstrating their inability to pay. If the Court determines that the litigant lacks sufficient financial resources, it will waive the filing fee entirely.

Different rules apply to prisoner litigants under the Prisoner Litigation Reform Act (PLRA). In addition to the standard IFP affidavit, prisoners must submit a certified copy of their inmate account statement reflecting the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). If the Court finds that the prisoner lacks sufficient funds, it will assess an initial partial filing fee equal to 20% of either the prisoner's average monthly deposits or average monthly balance, whichever is greater. 28 U.S.C. § 1915(b)(1). After this initial payment, the prisoner must make monthly payments equal to 20% of their income until the fee is paid in full. 28 U.S.C. § 1915(b)(2). The prison will forward these payments to the Court whenever the prisoner's account balance exceeds $10. *Id*. Even if the Court grants IFP status, a prisoner litigant must pay the entire filing fee over time. *See Crawford-El v. Britton*, 523 U.S. 574, 596 (1998) (The PLRA "requires all inmates to pay filing fees[.]"); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the Act was to require all prisoner-litigants to pay filing fees in full[.]").

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. §1915(a)(2). Nevertheless, having reviewed the information contained in his motion, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement to support that assertion.

## The Complaint

Plaintiff is incarcerated at the St. Louis City Justice Center. (ECF No. 1). He filed his handwritten complaint against Defendant Ryan J. Collins on January 10, 2025. *Id*. Plaintiff asserts

2

that Defendant, a fellow inmate, threatened Plaintiff with physical and sexual abuse on several occasions. *Id*. The Complaint does not specify a particular legal theory. Plaintiff argues that this Court has subject matter jurisdiction because the Justice Center receives federal funding. *Id*.

## I. Improper form

Plaintiff's Complaint is deficient because it was not drafted on the appropriate form. *See* E.D.Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on a Court-provided form where applicable. If an action is not filed on a Court-provided form, the Court, in its discretion, may order the self-represented plaintiff or petitioner to file the action on a Court-provided form."). Consequently, the Court will order Plaintiff to amend his complaint using the enclosed form.

## II. Lack of subject matter jurisdiction

Further, Plaintiff fails to establish this Court's subject matter jurisdiction. "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."). Subject matter jurisdiction is an essential prerequisite for every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases."). The question of subject matter jurisdiction may be raised at any time, by any party, or by the Court itself. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over two primary categories of cases: federal question cases and diversity-of-citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Ct. of Spirit Lake Indian Rsrv.*, 495 F.3d 1017, 1020 (8th Cir. 2007) (noting subject matter jurisdiction is absent if neither federal question nor diversity jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984–85 (8th Cir. 1994) (stating that Congress has conferred jurisdiction over both federal question and diversity cases). Because Plaintiff does not allege diversity jurisdiction, the Court will consider only whether the complaint invokes a federal question.

Federal question jurisdiction exists when a case arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. A federal question must be apparent on the face of the plaintiff's well-pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017); *see also Thomas v. United Steelworkers Loc. 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction."). Federal question jurisdiction arises where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998) (citation and quotation marks omitted).

Here, Plaintiff does not identify a federal cause of action or assert that this matter hinges on a substantial question of federal law. He merely asserts that the Justice Center receives federal funding. Based on these scant allegations, the Court cannot conclude that it has subject matter jurisdiction over this case. Therefore, the Court will order Plaintiff to show cause within thirty (30) days why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff may do

so in the appropriate section of the enclosed "Prisoner Civil Rights Complaint" form or may attach a separate sheet of paper, if necessary.

### Instructions for Amending the Complaint

Plaintiff shall file his amended complaint on the enclosed "Prisoner Civil Rights Complaint" form. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms[.]"). The amended complaint must comply with the following instructions:

1. **Form and Legibility.** Plaintiff shall type or neatly print the amended complaint. If handwritten, the writing must be legible.

2. **Caption.** In the "Caption" section, Plaintiff must:

    - Provide the case number as it appears on this order.

    - List the full names of all individuals or entities he intends to sue. *See* R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]").

3. **Statement of Claim.** The "Statement of Claim" section must include:

    - A short and plain statement of the factual allegations supporting each claim. *See* Fed. R. Civ. P. 8(a).

    - Separate, numbered paragraphs, with each paragraph addressing a single set of circumstances. *See* Fed. R. Civ. P. 10(b).

    - A clear explanation of how each defendant's actions or omissions violated Plaintiff's rights. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

5

- Facts establishing each defendant's personal involvement in the alleged violations. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights").

- Specific factual allegations, rather than conclusory statements or formulaic recitations of legal elements. *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (citation and quotation marks omitted).

4. **Capacity.** Plaintiff shall specify whether he sues each defendant in their individual capacity, official capacity, or both. Failure to do so may result in the dismissal of certain claims. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007).

5. **Joinder.** If Plaintiff names multiple defendants, he may only assert claims that (1) arise out of the same transaction or occurrence, and (2) involve a common question of law or fact. *See* Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be filed as separate lawsuits. However, if Plaintiff names only a single defendant, he may assert as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

6. **Effect**. The amended complaint will completely replace the original complaint. Any claims not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

7. **Signature**. Plaintiff must fully complete and sign the amended complaint in compliance with Rule 11 of the Federal Rules of Civil Procedure.

**Conclusion**

For the foregoing reasons, the Court will grant Plaintiff's Motion to Proceed in District Court without Prepaying Fees and Costs (ECF No. 2) and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will require Plaintiff to file an amended complaint on the Court-approved form and to show cause in writing why the Court should not dismiss this action for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed in District Court without Prepaying Fees and Costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial partial filing fee of $1.00 **within thirty (30) days** of the date of this order. Plaintiff must make his remittance payable to "Clerk, United States District Court," and shall include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) a statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a copy of the Court's "Prisoner Civil Rights Complaint" form (MOED-0036).

**IT IS FURTHER ORDERED** that Plaintiff shall complete the "Prisoner Civil Rights Complaint" form in accordance with the instructions set forth herein and return it to the Court **within thirty (30) days** of the date of this order.

**IT IS FURTHER ORDERED** that Plaintiff shall show cause **within thirty (30) days** of the date of this order why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff may do so in the appropriate section of the enclosed form or may attach a separate sheet of paper.

Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice to Plaintiff.

Dated this 21st day of January, 2025.

        /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE